UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA CIECALONE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:13-CV-28-NAB |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Debra Ciecalone's application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 10.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion.

**I.      Issues for Review**

Ciecalone asserts three errors for review: (1) the residual functional capacity ("RFC") determination is not supported by substantial evidence, (2) the administrative law judge erred in failing to grant substantial weight to Ciecalone's treating physician, and (3) the credibility analysis is not supported by substantial evidence.

## II.     Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980); *Cruse v. Bowen*, 867 F.2d 1183, 1184-85 (8th Cir. 1989). Additionally, an ALJ's decision must comply "with the relevant legal requirements." *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008).

**III. Discussion**

    **A.    RFC Determination**

Ciecalone contends that the RFC should have included additional restroom breaks and failed to consider the impact of her need to use restroom facilities upon her employability. RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

The ALJ found that Ciecalone had the severe impairments of irritable bowel syndrome[2] ("IBS"), status-post total colectomy[3], with chronic diarrhea. (Tr. 13.) The ALJ also found that Ciecalone had the RFC to perform sedentary work, that involves lifting no more than 10 pounds occasionally, sit for six hours, and stand or walk for two hours in an eight hour workday. The ALJ also determined that Ciecalone can never climb ladders, ropes, or scaffolds and she must avoid concentrated exposure to heights. (Tr. 15.) In support of the RFC determination, the ALJ acknowledged that Ciecalone has limitations and restrictions from her gastrointestinal disorder,

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.
[2] Irritable bowel syndrome is a "condition characterized by gastrointestinal signs and symptoms including constipation, diarrhea, gas and bloating, all in the absence of organic pathology." *Randall v. Astrue*, 860 F.Supp.2d 924, 928 n.3 (E.D. Mo. Mar. 19, 2012).
[3] Colectomy is an "excision of a segment or all of the colon." Stedman's Medical Dictionary 377 (27th ed. 2000).

but found her symptoms could be moderately controlled and managed by with medication and planning her meals ahead of time. (Tr. 16.) The ALJ determined that with proper precaution Ciecalone could moderately control her gastrointestinal symptoms during an eight hour work day. (Tr. 16.) The ALJ also found that Ciecalone could return to her past relevant work. (Tr. 17.)

Based on all of the evidence in the record, the Court finds that the ALJ's RFC determination is not supported by substantial evidence in the record as a whole. The ALJ made no provision in the RFC determination for Ciecalone's acknowledged need to be close to a restroom and take more than the normal amount of restroom breaks. Although the ALJ disagrees with the frequency at which Ciecalone and her treating physician assert that she needs to use the restroom, the ALJ cannot completely ignore this issue.

The ALJ gave Dr. Solomon Noguera's opinion some weight but found that the frequency of restroom breaks alleged to be excessive. Additionally, the ALJ did not acknowledge the opinion of consultative examiner Dr. Barry Burchett that Ciecalone would need additional restroom breaks. (Tr. 282, 430.) Ciecalone testified that she cannot control when her intestines need to be emptied. (Tr. 57.) She also testified that to decrease her need to go to the restroom, she does not eat before she goes anywhere, including the administrative hearing. (Tr. 58, 60-61.) Substantial evidence in the record demonstrates that because of the removal of her colon and the chronic diarrhea, Ciecalone would need more restroom breaks than the standard two breaks and a lunch break in most jobs. The vocational expert ("VE") testified that any person who needed even two additional breaks outside the standard number of breaks would be terminated and would need special accommodation. (Tr. 67.) The VE also testified that a claimant who needed to sit on a donut, have restroom facilities nearby, and need to utilize those on an as needed basis

at least 4-5 times per day would not be able to do any work. (Tr. 68.) The ALJ's RFC determination should have included a limitation for Ciecalone's need to use the restroom on a more than standard basis. Because the RFC determination does not include all of Ciecalone's limitations and restrictions, it is insufficient. *Holstrom v. Massanari*, 270 F.3d 715, 722 (8th Cir. 2001) (considering claimant's credible testimony as to his limitation, the RFC is insufficient as it did not include all of claimant's impairments, limitations, and restrictions).

### B. Credibility Determination

Regarding the ALJ's credibility finding, the ALJ determined that Ciecalone's activities of daily living were consistent with the RFC determination. The ALJ stated that Ciecalone could perform household chores, shop, cook, drive, clean, and play golf. While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. *Id.* The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. *Id.* The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

> (1) the claimant's daily activities;
>
> (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) any precipitating or aggravating factors;
>
> (4) the dosage, effectiveness, and side effects of any medication; and

5

(5) the claimant's functional restrictions

*Id.* The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id.* The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

There is no dispute that Ciecalone can drive, perform household chores, and socialize. As stated in her testimony, however, the frequent need to go to the restroom and the inability to control her bowels affects her ability to perform her daily activities. She testified that she has to refrain from eating to participate in activities outside of the home and that she has lost weight due to her condition. Dr. Noguera's most recent treatment notes indicate that the irritable bowel syndrome was improving, but the effect on her daily activities was a change in activity level and eating habits, as well as fatigue and weight loss. (Tr. 334, 358, 366.) In a Medical Source Statement, Dr. Burchett stated that Ciecalone "may need more frequent restroom visits." (Tr. 430.) Dr. Burchett also found that Ciecalone had "general weakness." (Tr. 429.) Where the corroborative evidence is considered, Ciecalone's subjective complaints are credible.

The ALJ also noted that the claimant received unemployment benefits. Counsel for the Commissioner argued today that her receipt of unemployment benefits should negatively impact

her credibility, because she is representing herself as able to work and as actively seeking employment. However, the Eighth Circuit has held "the acceptance of unemployment benefits, which entails an assertion of the ability to work, is facially inconsistent with a claim of disability. However, the negative impact cannot be uniformly or automatically applied in every case. Where, as here, there is no other evidence to detract from the claimant's credibility, the negative inference is not sufficient, of itself, to negate the claimant's credibility." *Cox v. Apfel*, 160 F.3d 1203, 1208 (8th Cir. 1998) (internal citations omitted).

Therefore, the Court finds that the credibility determination by the ALJ is not supported by substantial evidence in the record as a whole.

## IV. Conclusion

The court has the power to "enter, upon the pleadings and transcript of the record, a judgment, affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. 405(g). Ordinarily when a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings. *Buckner v. Apfel*, 213, F.3d 1006, 1011 (8th Cir. 2000). Although remand is the usual remedy, "remand is not necessary where, as here, the record overwhelmingly supports a finding of disability." *Olson v. Shalala*, 48 F.3d 321, 323 (8th Cir. 1995). Because the Court finds that substantial evidence in the record supports that Ciecalone's residual functional capacity is limited by the need for frequent restroom breaks and the vocational expert testified that there are no jobs available that Ciecalone could perform with that restriction, the Court finds that Ciecalone is disabled under the Social Security Act. Remand to the Commissioner for

further proceedings would serve no useful purpose. *Id.* Therefore, the Court will reverse and remand this action to the Commissioner for an award of benefits.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and this case is remanded to the Commissioner for the award of disability insurance benefits.

**IT IS FURTHER ORDERED** that a separate Judgment will be entered in favor of Plaintiff.

Dated this 15th day of November, 2013.


    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE