UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA CIECALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-CV-28-NAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Plaintiff's Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b). [Docs. 28, 31.] Defendant Carolyn Colvin, Acting Commissioner of Social Security, does not object to the amount requested by Plaintiff, but requests that the Court order reflect that if Plaintiff is awarded attorney's fees under both motions, Plaintiff's counsel is required to refund the lesser amount to the Plaintiff. Based on the following, the Court will grant Plaintiff's motions.

I.  **Factual and Procedural Background**

Plaintiff Debra Ciecalone filed this action, pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant denying Plaintiff's application for disability insurance benefits under the Social Security Act. On November 15, 2013, the Court issued a Memorandum and Order and Judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g) directing the Commissioner to immediately award Plaintiff benefits. [Docs. 24, 25.] Plaintiff filed a motion for attorney's fees under the EAJA on February 13, 2014. [Doc. 28.] Defendant

filed a response on February 26, 2014. [Doc. 30.] In February 2014, the Social Security Administration awarded Plaintiff past due disability insurance and disabled widow's benefits in the amount of $89,256.00. [Doc. 31-2.] Attorney's fees have been withheld from the above designated past due benefits in the total amount of $22,324.00, representing twenty-five percent ("25%") of the past due benefits. On March 3, 2014, Plaintiff filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b). [Doc. 31.] Defendant filed a response on March 11, 2014. [Doc. 33.]

## II.     Motion for Fees under the EAJA

### A.     Standard for Award under EAJA

"A court shall award to a prevailing party. . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified, and (4) make the application within thirty days of final judgment of the action. 28 U.S.C. § 2412(d)(1)(B). The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought. *Id.* "In sentence four

remand cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the Court and the appeal period has run so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G) ("Final judgment" means a judgment that is final and not appealable." )).

"It is well-settled that in order to be a prevailing party for EAJA purposes, plaintiff must have received some, but not necessarily all, of the benefits originally sought in his action." *Stanfield v. Apfel*, 985 F.Supp. 927, 929 (E.D. Mo. 1997) (*citing Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986)). Obtaining a sentence four judgment reversing the Secretary's denial of benefits is sufficient to confer prevailing party status. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

### B. Award of Fees under EAJA

In this action, the Court finds that Plaintiff has demonstrated that an award of attorney's fees under the EAJA is appropriate in this matter. First, Plaintiff is a prevailing party in this action, because she has obtained a reversal of the Commissioner's denial of her application for benefits. [Doc. 25.]

Second, Plaintiff's application for attorney's fees under the EAJA is reasonable. Plaintiff requests attorney's fees in the amount of $5,520.25 at the rate of $177.50 per hour for 31.1 hours of work. Plaintiff includes an itemized statement from her attorney stating the actual time expended and the rate at which the attorney's fees were computed. The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "In determining a reasonable attorney's fee, the court will in each case

consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved." *Richardson-Ward v. Astrue*, 2009 WL1616701, No. 4:07-CV-1171 JCH at *1 (E.D. Mo. June 9, 2009). "The decision to increase the hourly rate is at the discretion of the district court." *Id.* at *2. "Where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125.00] per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Plaintiff's counsel submitted evidence with citations from the U.S. Department of Labor, explaining the change in the cost of living from 1996 when the $125.00 hourly limitation became effective until 2013. Defendant does not contest the hourly rate, the total fee request, nor the number of hours itemized in the invoice. Upon consideration of these facts, the Court finds that the hourly rate, number of hours expended, and the total fee request is reasonable. As alleged by Plaintiff, the Court finds that the Defendant's position was not substantially justified. Plaintiff's application for fees was timely filed. Therefore, the Court will award Plaintiff $5,520.25 in attorney's fees under the EAJA.

Plaintiff has submitted an affidavit assigning any award she may receive under the EAJA to her counsel of record. The EAJA requires that the attorney's fee award be awarded to the prevailing party, in this case the Plaintiff, not the Plaintiff's attorney. *Astrue v. Ratcliff*, 130 S.Ct. 2521, 2525 (2010) (the term "prevailing party" in fee statutes is a "term of art" that refers to the prevailing litigant) (citing 42 U.S.C. § 2412(d)(1)(A)). Awards of attorney fees to the prevailing party under the EAJA are "subject to [g]overnment offset to satisfy a pre-existing debt

4

that the litigant owes the United States." *Ratcliff*, 130 S. Ct. at 2524. Any award for attorney's fees must be subject to any government offset, even if the Plaintiff has assigned her right to the award to her attorney. Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to her attorney of record as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

### III. Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)

Under § 406(b) of the Social Security Act,

> Whenever a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Section 406(b) "does not displace contingent fee agreements, as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Fees awarded pursuant to § 406(b) are paid out of the claimant's past due benefits. *Id.* at 795. "Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on the claimant's continuing entitlement to benefits." *Id.* "[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. Courts must first examine the contingency fee agreement, next test the agreement for reasonableness, and then appropriately reduce it, if necessary, based on the character of the representation and the results achieved. *Id.* at 808. Reductions are required if

5

the attorney was responsible for delay or the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

Plaintiff has requested fees in the amount of $13,250.00 under § 406(b). In support of her motion, the Plaintiff submitted time expenditures, the award of benefits letters from the Social Security Administration, the fee agreement, and an affidavit. The Defendant does not object to the amount requested and acknowledges that the proposed fee appears reasonable. The Court has independently reviewed the record in this case and finds that the § 406(b) fee request is reasonable, and given the unique facts of this case, no reduction in this amount is warranted. Therefore, the Court will award Plaintiff's counsel attorney fees under § 406(b) in the amount of $13,250.00, representing 15% of Plaintiff's past due benefits.

## IV.     Awards under EAJA and Section 406(b)

Fee awards may be made under both the EAJA and § 406(b), but the Plaintiff's attorney must refund to her the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. "Thus an EAJA award offsets an award under § 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past due benefits." *Id.* Defense counsel requests that the Court order reflect the requirement that the attorney refund the lesser amount of fees under the EAJA and § 406(b). Plaintiff's attorney acknowledges that she is required to refund, in this case, fees awarded under the EAJA. This Court has previously held that although, Plaintiff's counsel is obligated to refund the lesser amount of fees, there is no obligation for the Court to take any action with respect to the refund. *Barton v. Astrue*, No. 4:07-CV-67 FRB, 2010 WL 2346353 at *4 (E.D. Mo. June 9, 2010) (obligation to refund smaller fee is attorney's obligation and EAJA provision does not indicate that court should take action with respect to a refund) (citing *Jackson*

*v. Commissioner of Social Sec*urity, 601 F.3d 1268, 1272 (11th Cir. 2010)).  Plaintiff's counsel is aware that the lesser of this award, the fees awarded under the EAJA, are to be refunded to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Award of Attorney Fees Pursuant to the Equal Access to Justice Act is **GRANTED**.  [Doc. 28.]

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security shall remit to Eva D. Dake attorney's fees in the amount of $5,520.25 under the Equal Access to Justice Act, subject to any pre-existing debt that the Plaintiff owes to the United States.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED**.  [Doc. 31.]

**IT IS FURTHER ORDERED** that the Defendant Commissioner of Social Security shall remit to Eva D. Dake attorney's fees in the amount of $13,250.00, under 42 U.S.C. § 406(b).

Dated this 8th day of April, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE